UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-0179 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| Randy Lawrence Williams-Bey, | |
| Defendant. | |

---

This matter is before the Court on Defendant Randy Lawrence Williams-Bey's *pro se* letter dated January 25, 2022, in which Williams-Bey requests "a compassionate release" from custody. (Dkt. 120.)

The Court sentenced Williams-Bey in July 2021 to 54 months' imprisonment for his conviction of bank robbery. Williams-Bey currently is incarcerated at the Federal Correctional Institution in Danbury, Connecticut (FCI Danbury), and has a projected release date of October 25, 2024. Williams-Bey now seeks immediate release from custody to serve the remainder of his prison sentence in home confinement with location monitoring. The Office of the Federal Defender for the District of Minnesota investigated Williams-Bey's compassionate-release request and, after reviewing the record in this case, notified the Court that it does not seek to supplement the record in these proceedings at this time.

A district court "may not modify a term of imprisonment once it has been imposed" except pursuant to specific statutory exceptions. 18 U.S.C. § 3582(c). The

compassionate-release provision of the First Step Act is one such statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A).  Section 603(b) of the First Step Act amends 18 U.S.C. § 3582 and allows a defendant to petition a district court directly for compassionate release.  First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  A defendant may move the district court for a sentence reduction only after first exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  The burden rests with the defendant to show that he or she is entitled to a sentence reduction.  *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

In his four-page letter, Williams-Bey alleges that FCI Danbury is "under investigation for . . . inappropriate handling of the COVID-19 cases here among inmates and staff."  He also references his family obligations and fears that members of his family might contract COVID-19 and require care while he is in prison.  But Williams-Bey presents no argument or evidence that would warrant a sentence reduction under the First Step Act.  Indeed, the Court considered the ongoing COVID-19 pandemic and Williams-Bey's personal and family circumstances when determining the appropriate sentence in July 2021.  Moreover, Williams-Bey has not provided evidence that he sought a sentence reduction from the Bureau of Prisons before filing his request with the Court.  As such, Williams-Bey has not satisfied his burden to establish that his motion is properly before the Court or that his release from custody is warranted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Randy Lawrence Williams-Bey's request for compassionate release, (Dkt. 120), is **DENIED WITHOUT PREJUDICE**.


Dated:  March 24, 2022                                   s/Wilhelmina M. Wright
                                                                                     Wilhelmina M. Wright
                                                                                     United States District Judge